FRANK CARLESI *vs.* JAMES V. CARLESI *et ux.*

JUNE 16, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   This is an action in assumpsit brought by Frank Carlesi, the payee, against James V. Carlesi and Philomena Carlesi, the makers of a promissory note, to recover $3000 claimed to be due thereon.  The case was tried before a justice of the superior court sitting without a jury and resulted in a decision in favor of the plaintiff in the full amount of the note, plus interest and costs.  The case is before us upon the defendants' exceptions, to the above decision, and to certain other rulings by the trial justice.

The defendants expressly have waived their first, second and third exceptions, relating to the admission or exclusion

of certain testimony during the trial; and now rely upon their fourth and fifth exceptions, namely, to the decision of the trial justice in favor of the plaintiff, and to his ruling, denying the defendants' motion for a new trial.

It appears that the defendants filed no affidavits of newly discovered evidence, as required by the rule of the superior court, to support this ground of their motion for a new trial, and, therefore, we need not discuss the fifth exception, and our ruling upon the fourth exception will be decisive of the case.

The evidence establishes that the defendants were indebted to the plaintiff in the sum of $3000 for services rendered; and on January 31, 1936, executed a promissory note in the amount of $3000, payable two years after date. The note also includes an agreement for the payment of at least $500 prior to September 1, 1936, "and in case of failure to pay said sum $500.00 on or before said September 1st. A. D. 1936 the whole amount shall be due and payable, and failure to pay shall constitute default of performance of the terms of this note."

On September 1, 1936, the plaintiff came from New York to Westerly for the particular purpose of collecting the $500 payment due on the note. After several calls at the defendants' home during the day of September 1, without success, he finally located James V. Carlesi at the latter's place of business about 9 or 10 o'clock on that night. The plaintiff testified that he requested payment but was unable to get it from the defendant James because the latter was so busy with his customers; and that he was told by this defendant to see him in the morning. The defendant James testified that he was busy but that he had the money and wanted to pay, but that the plaintiff "won't accept, he say 'I will see you tomorrow.'" However, the defendant did not deny that none of the money was shown or tendered to the plaintiff at that time. The plaintiff said he saw the defendant again the next morning, but was unable to get payment and

no tender or payment of any part was made at that time by either defendant. There was other testimony, some of which was denied, that the defendant James called at the office of the plaintiff's attorney on September 2, with reference to the plaintiff's demand, but that he, the defendant, made no tender of the payment or any part thereof.

Upon defendants' failure to make payment in accordance with the terms of the note, the plaintiff commenced, on September 2, this action in assumpsit against the makers. The defendants filed a plea of the general issue and also a special plea that, at the time of making the note, the plaintiff agreed to accept $500 in full satisfaction of the note, if that sum was paid before the maturity of the note.

At the trial, however, and before us, the defendants claimed only that the plaintiff was not entitled to recover as a matter of law, because the action was prematurely brought. In support of this contention, they argued that the evidence established that the plaintiff, on his visit to the defendant James V. Carlesi, on the night of September 1, 1936, expressly and orally extended for one day the date on which the $500 should be paid. Such extension, they argue, would have given the defendants the full day of September 2, within which to make such payment, whereas this action was commenced during that day and thus was premature.

One difficulty with this argument is that the trial justice found that the defendants established no such agreement for the extension from September 1 to September 2 for the payment of the $500 due on the principal of the note. The most that can be said for the defendants is that the evidence on that issue was conflicting; and findings thereon by the trial justice are not ordinarily set aside, unless the aggrieved party shows that such findings are clearly wrong. We have examined the evidence and are of the opinion that the trial justice was not clearly wrong in finding that there was no agreement between the parties for an extension of time to the defendants for payment, from September 1 to September 2.

Since the evidence supports the trial justice upon this basic finding of fact, the defendants are not aggrieved by the later discussion in the rescript of the trial justice. He merely went further than was necessary in stating that, even if the making of such an extension were assumed, the defendants were in default at the end of September 2 and thereafter. This may be considered surplusage because of the previous finding, and because it was based on an assumption expressly made merely for discussion, although the evidence actually showed such a default.

Under the circumstances, we are of the opinion that the decision of the trial justice at the conclusion of the trial, in favor of the plaintiff, and his ruling, denying the defendants' motion for a new trial, were both correct. The defendants' fourth and fifth exceptions, therefore, are overruled.

All of the defendants' exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Clarence E. Roche,* for plaintiff.
*John J. Dunn,* for defendant.